# EXHIBIT "A"

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251
Email: jcampbell@aegislawfirm.com

Attorneys for Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated.

**ELECTRONICALLY FILED**
Superior Court of California, County of San Diego
**09/14/2021** at 12:52:23 PM
Clerk of the Superior Court
By Megan Dietenhofer, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

CLIFFORD LARSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

COWORX STAFFING SERVICES, LLC; COWORX PERSONNEL, LLC; BULGARI CORPORATION OF AMERICA; CHANEL, INC.; BLOOMINGDALE'S, LLC; BLOOMINGDALES.COM, LLC; BLOOMINGDALE'S THE OUTLET STORE, LLC; and DOES 1 through 20, inclusive,

Defendants.

Case No. 37-2021-00039021-CU-OE-CTL

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;
2. Failure to Pay Overtime Wages;
3. Failure to Provide Meal Periods;
4. Failure to Permit Rest Breaks;
5. Failure to Reimburse Business Expenses;
6. Failure to Provide Accurate Itemized Wage Statements;
7. Failure to Pay All Wages Due Upon Separation of Employment; and
8. Violation of Business and Professions Code §§ 17200, *et seq*.

**DEMAND FOR JURY TRIAL**

Plaintiff Clifford Larsen, individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.    Plaintiff Clifford Larsen ("Plaintiff") brings this putative class action against defendants Coworx Staffing Services, LLC; Coworx Personnel, LLC; Bulgari Corporation of America; Chanel, Inc.; Bloomingdale's, LLC; Bloomingdales.com, LLC; Bloomingdale's the Outlet Store, LLC; and DOES 1 through 20, inclusive (collectively, "Defendants"), on Plaintiff's own behalf and on behalf of a putative class of California citizens who are and were employed by Defendants as non-exempt employees throughout California.

2.    Defendants are in the staffing and retail industries.

3.    Through this action, Plaintiff alleges that Defendants engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.    Plaintiff is informed and believe, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

       (a)    failing to pay all wages (including minimum wages and overtime wages);

       (b)    failing to provide lawful meal periods or compensation in lieu thereof;

       (c)    failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof;

       (d)    failing to reimburse necessary business-related costs;

       (e)    failing to provide accurate itemized wage statements; and

       (f)    failing to pay all wages due upon separation of employment.

5.    Plaintiff seeks monetary relief against Defendants on behalf of himself and all others similarly situated in California to recover, among other things, unpaid wages, un-reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 223, 226, 226.7, 246, 510, 512, 1194, 1194.2, 1197, 1198, 2800, and 2802, and Code of California Civil Procedure § 1021.5.

**JURISDICTION AND VENUE**

6. This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8. This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9. Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

**THE PARTIES**

10. Plaintiff is a resident of California and worked for Defendants during the relevant time periods as alleged herein.

11. Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12. Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

13. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14. Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

15. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16. At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## **CLASS ACTION ALLEGATIONS**

18. Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own behalf and on behalf of all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

19. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

20. Plaintiff's proposed class consists of and is defined as follows:

Class

All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California at any time between March 19, 2017[1] and the date of class certification ("Class").

21. Plaintiff also seeks to certify the following subclasses of employees:

Waiting Time Subclass

All members of the Class who separated their employment with Defendant at any time between March 19, 2018 and the date of class certification ("Waiting Time Subclass").

22. Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23. Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

24. There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a) Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

(b) Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked.

---

[1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

(c) Whether Defendants deprived Plaintiff and Class Members of timely meal periods or required Plaintiff and Class Members to work through meal periods without legal compensation.

(d) Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks.

(e) Whether Defendants failed to reimburse Plaintiff and Class Members for necessary business-related costs expended for the benefit of Defendants.

(f) Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(g) Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(h) Whether Defendants' conduct was willful or reckless.

(i) Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq*.

25. There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a) Numerosity: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than fifty (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b) Typicality: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c) Adequacy: Plaintiff will fairly and adequately represent and protect the interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of the Class Members.

(d) Superiority: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire Class and Waiting Time Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e) Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while affording them privacy protections.

## GENERAL ALLEGATIONS

26. At all relevant times mentioned herein, Defendants employed Plaintiff and other California residents as non-exempt employees or employees throughout California at Defendants' California business location(s).

27. Defendants continue to employ non-exempt employees or employees within California.

28. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked, including, but not limited to requiring Plaintiff and Class Members to work off-the-clock, and failing to compensate Plaintiff and Class Members for these hours. Further, Plaintiff and Class Members were not paid wages at their correct blended rate (including sick pay wages and overtime wages) because Defendants failed to correctly calculate the regular rate of pay when employees were paid different rates in the same pay period.

30. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. Further, to the extent any premiums were paid Plaintiff and Class Members were not paid premiums at their correct blended rate because Defendants failed to correctly calculate the regular rate of pay when employees were paid different rates in the same pay period.

31. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay

when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed, late, or interrupted. Further, to the extent any premiums were paid Plaintiff and Class Members were not paid premiums at their correct blended rate because Defendants failed to correctly calculate the regular rate of pay when employees were paid different rates in the same pay period.

32. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement and/or indemnification for all necessary business expenditures or losses as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members incurred necessary business expenses or losses, such as cell phones and personal cars, but were not reimbursed nor indemnified of such expenses or losses that were incurred as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did not receive payment of all wages within the permissible time periods.

35. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and Class Members, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

36. Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover, among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal period premium payments, unpaid rest period premium payments, unreimbursed business expenditures, interest, attorneys' fees, penalties, costs, and expenses.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

(Violation of Labor Code §§ 223, 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

37. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

38. Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

39. Plaintiff and Class Members were employees entitled to the protections of Labor Code §§ 1194 and 1197.

40. During the relevant time period, Defendants failed to pay Plaintiff and Class Members all wages owed when Defendants did not pay for all hours worked, including, but not limited to, hours spent working off-the-clock, among others.

41. During the relevant time period, Defendants failed to pay at least minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

42. Defendants' failure to pay Plaintiff and Class Members the required minimum wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

43. Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME**

(Violation of Labor Code §§ 223, 510, 1194, and 1198; Violation of IWC Wage Order § 3)

44. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

45. Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½) or two (2) times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

46. Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

47. The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

48. California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh

consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

49. Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

50. Plaintiff and Class Members were employees entitled to the protections of California Labor Code §§ 510 and 1194.

51. During the relevant time period, Defendants required Plaintiff and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day of work, entitling them to overtime wages.

52. During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked when Defendants failed to pay the blended regular rate and failed to pay for time spent working off-the-clock, among other reasons. To the extent these hours qualify for the payment of overtime wages, Plaintiff and Class Members were not paid proper overtime wages.

53. In violation of California law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

54. Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

55. Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

56. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

57. Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

58. Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

59. Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

60. Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61. During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

62. Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

63. At all relevant times, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

64. As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PERMIT REST BREAKS**

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

65. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

66. Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

67. Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

68. During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked, including working in excess of ten (10) hours in a day, because they were required to work through their rest periods and/or were not authorized to take their rest periods.

69. Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

70. At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

71. As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

(Violation of Labor Code §§ 2800, 2802)

72. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

73. Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

74. Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ."

75. Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

76. Labor Code § 2802(c) states that "[f]or purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

77. During the relevant time period, Plaintiff and Class Members incurred necessary business-related costs that were not fully reimbursed by Defendants, including, but not limited to, cell phone and personal car use required for work.

78. In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or indemnify Plaintiff and Class Members for their expenses due to Defendants' knowing and intentional failure to reimburse necessary business expenditures in connection with Plaintiff's and Class Members' work and job duties.

79. As a direct result, Plaintiff and Class Members have suffered and continue to suffer losses, and therefore seek complete reimbursement and indemnification of necessary business expenditures or losses, interest thereon at the required rate, and all reasonable costs in enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Violation of Labor Code § 226; Violation of IWC Wage Order)

80. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

81. Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

82. During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class Members.

83. As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury

pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants prevented Plaintiff and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

84. Plaintiff and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

85. Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and Class Members from knowing, understanding, and disputing the wages paid to them and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members have suffered an injury, in the exact amount of damages and/or penalties to be shown according to proof at trial.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

(Violation of Labor Code §§ 201, 202, and 203)

86. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

87. Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that

if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

88. During the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, including, but not limited to, proper minimum wage and overtime compensation, meal period premiums, and rest period premiums either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

89. Defendants' failure to pay the Waiting Time Subclass all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

90. Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

91. Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

(Violation of Business and Professions Code §§ 17200, *et seq.*)

92. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

93. California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

94. A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

95. Defendants' policies and practices violated state law in at least the following respects:

(a) Failing to pay all wages earned (including minimum wage, sick pay, and overtime wages) to Plaintiff and Class Members at the proper rate in violation of Labor Code §§ 223, 246, 510, 1194, 1194.2, 1197, and 1198.

(b) Failing to provide compliant meal periods without paying Plaintiff and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

(c) Failing to authorize or permit compliant rest breaks without paying Plaintiff and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.

(d) Failing to reimburse Plaintiff and Class Members for necessary business-related expenses in violation of Labor Code §§ 2800 and 2802.

(e) Failing to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

(f) Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, and 203.

96. As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages

(minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to reimburse necessary business-related costs and expenses, failing to furnish accurate wage statements, and failing to pay all wages due and owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in order to decrease their costs of doing business and increase their profits.

97. At all relevant times herein, Defendants held themselves out to Plaintiff and Class Members as being knowledgeable concerning the labor and employment laws of California.

98. At all times relevant herein, Defendants intentionally avoided paying Plaintiff and Class Members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

99. By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq*.

100. As a result of the unfair and unlawful business practices of Defendants as alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

101. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass;

2. For appointment of Clifford Larsen as class representative;

3. For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4. For compensatory damages in an amount according to proof at trial;

5. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6. For economic and/or special damages in an amount according to proof at trial;

7. For liquidated damages pursuant to Labor Code § 1194.2;

8. For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9. For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10. For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11. For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq*.;

12. For pre-judgment interest;

13. For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e) and 1194; and

14. For such other relief as the Court deems just and proper.

Dated: September 14, 2021

**AEGIS LAW FIRM, PC**

By: ______________________________
Jessica L. Campbell
Attorneys for Plaintiff Clifford Larsen

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: September 14, 2021

**AEGIS LAW FIRM, PC**

By: ______________________________
Jessica L. Campbell
Attorneys for Plaintiff Clifford Larsen

# EXHIBIT "B"

<table>
<tr><td colspan="4">Attorney or Party without Attorney:<br>Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>Telephone No: 949 379-6250<br>Attorney For: Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated.<br>Ref. No. or File No.: 649</td><td rowspan="3">For Court Use Only<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>09/28/2021 at 09:52:00 AM<br>Clerk of the Superior Court<br>By Lee McAlister,Deputy Clerk</td></tr>
<tr><td colspan="4">Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO</td></tr>
<tr><td colspan="4">Plaintiff: CLIFFORD LARSEN<br>Defendant: COWORX STAFFING SERVICES, LLC, et al.</td></tr>
<tr><td>PROOF OF SERVICE<br>SUMMONS</td><td>Hearing Date:</td><td>Time:</td><td>Dept/Div:</td><td>Case Number:<br>37020210000039021-CU-OE-CTL</td></tr>
</table>

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR)

3. a. *Party served:* COWORX STAFFING SERVICES, LLC
   b. *Person served:* Lai Savaeng, CSC Lawyers Incorporating Service, Registered Agent

4. *Address where the party was served:* 2710 Gateway Oaks Drive Suite 150N, SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Sep 20 2021 (2) at *(time)*: 11:22 AM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: COWORX STAFFING SERVICES, LLC
   under the following Code of Civil Procedure section:
   - [ ] 416.10 (corporation)
   - [ ] 416.20 (defunct corporation)
   - [ ] 416.30 (joint stock company/association)
   - [ ] 416.40 (association or partnership)
   - [ ] 416.50 (public entity)
   - [X] other: Limited liability company
   - [ ] 415.95 (business organization, form unknown)
   - [ ] 416.60 (minor)
   - [ ] 416.70 (ward or conservatee)
   - [ ] 416.90 (authorized person)
   - [ ] 415.46 (occupant)

| *Attorney or Party without Attorney:*<br>Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>*Telephone No:* 949 379-6250<br>*Attorney For:* Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated. | *Ref. No. or File No.:*<br>649 | | | ***For Court Use Only*** |
|---|---|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO | | | | |
| *Plaintiff:* CLIFFORD LARSEN<br>*Defendant:* COWORX STAFFING SERVICES, LLC, et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37020210000039021-CU-OE-CTL |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Michael Morris
   b. Address: **FIRST LEGAL**
   600 W. Santa Ana Blvd., Ste. 101
   SANTA ANA, CA 92701
   c. Telephone number: (714) 541-1110
   d. **The fee** for service was: $133.50
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [X] a registered California process server:
   (i) [ ] owner [ ] employee [X] independent contractor
   (ii) Registration No: 2102-33
   (iii) County: Sacramento

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

09/27/2021
*(Date)*

*Michael Morris*

# EXHIBIT "C"

DAVID R. ONGARO, State Bar No. 154698
dongaro@ongaropc.com
ONGARO PC
1604 Union Street
San Francisco, CA 94123
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorney for Defendant
COWORX STAFFING SERVICES LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

**UNLIMITED JURISDICTION**

CLIFFORD LARSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

COWORX STAFFING SERVICES, LLC; COWORX PERSONNEL, LLC; BULGARI CORPORATION OF AMERICA; CHANEL, INC.; BLOOMINGDALE'S, LLC; BLOOMINGDALE'S.COM, LLC; BLOOMINGDALE'S THE OUTLET STORE, LLC; and DOES 1 through 10, inclusive,

Defendants.

Case No. 37-2021-00039021-CU-OE-CTL

**DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO CLASS ACTION COMPLAINT OF PLAINTIFF CLIFFORD LARSEN**

Action Filed: September 14, 2019
Trial Date: None Set

2021 10 19 Larsen Answer to

Defendant Coworx Staffing Services, LLC ("Defendant") hereby answers Plaintiff Clifford Larsen's ("Plaintiff") Class Action Complaint ("Complaint") as follows:

**GENERAL AND SPECIFIC DENIALS**

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff. Defendant denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

**AFFIRMATIVE DEFENSES**

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part, because Plaintiff fails to state facts sufficient to support a claim or theory of relief upon which relief may be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Uncertainty of the Pleading)**

2. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part, because Plaintiff fails to plead material allegations with requisite certainty.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part, by one or more of the applicable statutes of limitations, including, but not limited to: California Labor Code §§ 201, 202, 203, 226, California Business and Professions Code § 17208, and California Code of Civil Procedure §§ 338, subdivision (a) and 340.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing – Class Action)**

4. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff on behalf of alleged putative class members, Defendant alleges that Plaintiff lacks standing and cannot represent the interests of the other alleged putative class members as to some or all of the purported claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent)**

5. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or alleged putative class members are barred, in whole or in part, by the doctrine of consent.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

6. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or the alleged putative class members are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

7. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver)**

8. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

**NINTH AFFIRMATIVE DEFENSE**

**(Res Judicata and Estoppel)**

9. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

10. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in

part, by their own unclean hands and/or their inequitable or wrongful conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction/Failure to Exhaust Administrative Remedies)**

11. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred to the extent that they failed to timely and/or properly exhaust their administrative remedies.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Due Process / Class Certification)**

12. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that certification of a class action would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

13. As a separate and affirmative defense to the claims of Plaintiff and putative members of the purported class action brought pursuant to California Business and Professions Code § 17200, et seq., those claims are barred in light of the fact that Plaintiff and the putative class members have an adequate remedy at law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)**

14. As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California Business and Professions Code § 17200, et seq., Defendant alleges that the claims are not appropriate for resolution on a representative basis and allowing such a representative claim would violate the Due Process clause of the United States and California Constitutions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)**

15. As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California Business and Professions Code § 17200, et seq., Defendant alleges that the claims brought by Plaintiff and putative members of the purported class action are barred, in whole or in part, because Defendant's business practices are not and were not unlawful in that Defendant complied with all applicable statutes and regulations and/or in conformity with industry standards.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Doctrine of Avoidable Consequences)**

16. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that they unreasonably failed to make use of Defendant's practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Setoff and Recoupment)**

17. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that, if any damages have been sustained by Plaintiff and/or any alleged class action member she purports to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff or alleged class action members owed to Defendant, against any judgment that may be entered against Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

18. As a separate and affirmative defense to the Complaint, Defendant alleges that the claims of Plaintiff and/or some of the putative members of the purported class action defined in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Knowing, Intentional, and/or Willful Conduct)**

19. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and the alleged putative class members are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute That Wages Are Due)**

20. As a separate and affirmative defense to the purported cause of action alleged in the Complaint by Plaintiff and the alleged putative class members pursuant to California Labor Code § 203, Defendant alleges that Plaintiff and the alleged putative class members are not entitled to any penalties under California Labor Code § 203 because at all relevant times, there has been a good faith dispute that any wages are or have been due, thereby precluding the imposition of any waiting time penalties against Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Intentional Failure)**

21. As a separate and affirmative defense to the purported cause of action alleged in the Complaint by Plaintiff and the alleged putative class members pursuant to California Labor Code § 226, Defendant alleges that even assuming arguendo Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

22. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including without limitation, acts and/or omissions of Plaintiff, or members of the putative class) for whose conduct Defendant is not legally responsible. Therefore, if Plaintiff, or any others similarly situated, is found to be entitled to recover any damages, Defendant's share thereof must be apportioned or reduced to the extent that such damages are attributable to the acts and/or omissions of persons or entities (including without limitation, Plaintiff and/or others similarly situated) other than Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Exemption/Exclusion)**

23. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the putative class members were or are exempt or excluded from applicable wage and hour laws, including any applicable Wage Orders.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Excessive Fine)**

24. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Release)**

25. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, to the extent that

individuals who Plaintiff wishes to represent as putative class members may have released some or all of the claims against Defendant, or any of them, that are being asserted in the Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Cannot Satisfy Class Action Requirements)**

26. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or putative members of the purported class action cannot satisfy the requirements for a class, group, representative, and/or collective action.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Expenses Not Reasonable and Necessary)**

27. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members of the purported class action, Defendant alleges that the Complaint fails to properly state a claim for expense reimbursement under California Labor Code § 2802 because any alleged expenditures or losses were not necessary and/or were not the direct consequence of the discharge of Plaintiff's duties.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(*De Minimis*)**

28. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the putative class members of the purported class action, Defendant alleges that, to the extent that Plaintiff and/or any putative member of the purported class was harmed in any way (which Defendant specifically denies), the damages of Plaintiff and/or any putative member of the purported class are de minimis and, thus, not legally cognizable or not capable of determination.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Arbitration)**

29. As a separate affirmative defense to the Complaint and to the claims alleged therein by Plaintiff and the putative class, Defendant alleges that some or all of Plaintiff's claims are barred because of an agreement by Plaintiff to submit any and all disputes with Defendants to binding

2021 10 19 Larsen Answer to

individual arbitration. Accordingly, this Court may lack jurisdiction over any such dispute and all factual or legal issues incidental thereto. This Affirmative Defense applies equally to all members of the putative class who signed arbitration agreements.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

30. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that it currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That the Court deny any request(s) by Plaintiff and/or the alleged putative class members to certify this action as a class and/or representative action;
2. That Plaintiff and the alleged putative class members take nothing by the Complaint;
3. That the Complaint herein be dismissed in its entirety, with prejudice;
4. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action asserted in the Complaint;
5. That Defendant be awarded its attorneys' fees incurred herein;
6. That Defendant be awarded its costs of suit herein; and,
7. For such other and further relief as the Court deems just and proper.

DATED: October 19, 2021

ONGARO PC

By: ____________________
David R. Ongaro
ATTORNEYS FOR DEFENDANT COWORX STAFFING SERVICES LLC

2021 10 19 Larsen Answer to

# PROOF OF SERVICE

**CASE NAME: Clifford Larsen, et al. vs. COWORX Staffing, et al.**
**COURT: San Diego Superior Court**
**CASE NO.: 37-2021-00039021-CU-OE-CTL**

I, the undersigned, certify that I am employed in the City and County of Los Angeles, CA; I am over the age of 18-years and not a party to this action; my business address is 333 S. Hope Street, 40th Floor, Los Angeles, CA 90071. On October 19, 2021, I served the following document(s):

**DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO CLASS ACTION COMPLAINT OF PLAINTIFF CLIFFORD LARSEN**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

XX : By First-Class Mail – I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, for mailing to the office of the addressee following ordinary business practices.

XX : Courtesy Copy: jcampbell@aegislawfirm.com

AEGIS LAW FIRM, PC
Samuel A. Wong, Esq.
Kashif Haque, Esq.
Jessica L. Campbell, Esq.
9811 Irvine Center Drive, Suite 100
Irvine, CA 92618
jcampbell@aegislawfirm.com

Attorneys for Plaintiff
Clifford Larsen, individually, and on behalf of all others similarly situated

T: 949.379.6250
F: 949.379.6251

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 19, 2021, in Los Angeles, California.

Kimberly Taylor

# EXHIBIT "D"

| *Attorney or Party without Attorney:*<br>Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>*Telephone No:* 949 379-6250<br>*Attorney For:* Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated. | *Ref. No. or File No.:*<br>649 | | | *For Court Use Only*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**09/28/2021** at 09:52:00 AM<br>Clerk of the Superior Court<br>By Lee McAlister,Deputy Clerk |
|---|---|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO | | | | |
| *Plaintiff:* CLIFFORD LARSEN<br>*Defendant:* COWORX STAFFING SERVICES, LLC, et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>3702021000039021-CU-OE-CTL |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR)

3. a. *Party served:* BULGARI CORPORATION OF AMERICA
   b. *Person served:* Lai Savaeng, CSC Lawyers Incorporating Service, Registered Agent

4. *Address where the party was served:* 2710 Gateway Oaks Drive Suite 150N, SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Sep 20 2021 (2) at *(time)*: 11:22 AM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: BULGARI CORPORATION OF AMERICA
   under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| [ ] other: | |

| *Attorney or Party without Attorney:* Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>*Telephone No:* 949 379-6250<br>*Attorney For:* Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated. | *Ref. No. or File No.:* 649 | | | ***For Court Use Only*** |
|---|---|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO | | | | |
| *Plaintiff:* CLIFFORD LARSEN<br>*Defendant:* COWORX STAFFING SERVICES, LLC, et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 37020210000039021-CU-OE-CTL |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Michael Morris
   b. Address: **FIRST LEGAL**
   600 W. Santa Ana Blvd., Ste. 101
   SANTA ANA, CA 92701
   c. Telephone number: (714) 541-1110
   d. **The fee** for service was: $46.10
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [X] a registered California process server:
   (i) [ ] owner [ ] employee [X] independent contractor
   (ii) Registration No: 2102-33
   (iii) County: Sacramento

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

09/27/2021
(Date)

Michael Morris

<table>
<tr><td colspan="4">Attorney or Party without Attorney:<br>Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>Telephone No: 949 379-6250<br>Attorney For: Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated.</td><td>Ref. No. or File No.:<br>649</td><td rowspan="3">For Court Use Only<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>09/28/2021 at 09:52:00 AM<br>Clerk of the Superior Court<br>By Lee McAlister,Deputy Clerk</td></tr>
<tr><td colspan="5">Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO</td></tr>
<tr><td colspan="5">Plaintiff: CLIFFORD LARSEN<br>Defendant: COWORX STAFFING SERVICES, LLC, et al.</td></tr>
<tr><td>PROOF OF SERVICE<br>SUMMONS</td><td>Hearing Date:</td><td>Time:</td><td colspan="2">Dept/Div:</td><td>Case Number:<br>37020210000039021-CU-OE-CTL</td></tr>
</table>

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR)

3. *a. Party served:* BULGARI CORPORATION OF AMERICA
   *b. Person served:* Lai Savaeng, CSC Lawyers Incorporating Service, Registered Agent

4. *Address where the party was served:* 2710 Gateway Oaks Drive Suite 150N, SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Sep 20 2021 (2) at *(time)*: 11:22 AM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: BULGARI CORPORATION OF AMERICA
   under the following Code of Civil Procedure section:
   [X] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] other:
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)

| *Attorney or Party without Attorney:*<br>Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>*Telephone No:* 949 379-6250<br>*Attorney For:* Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated. | *Ref. No. or File No.:*<br>649 | | | ***For Court Use Only*** |
|---|---|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO | | | | |
| *Plaintiff:* CLIFFORD LARSEN<br>*Defendant:* COWORX STAFFING SERVICES, LLC, et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37-2021-00039021-CU-OE-CTL |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Michael Morris
   b. Address: **FIRST LEGAL**
   600 W. Santa Ana Blvd., Ste. 101
   SANTA ANA, CA 92701
   c. Telephone number: (714) 541-1110
   d. **The fee** for service was: $46.10
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [X] a registered California process server:
   (i) [ ] owner [ ] employee [X] independent contractor
   (ii) Registration No: 2102-33
   (iii) County: Sacramento

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

09/27/2021
*(Date)*

*Michael Morris*



*Attorney or Party without Attorney:*
Samuel A. Wong, Esq. (SBN 217104)
Aegis Law Firm
9811 Irvine Center Drive, Suite 100
Irvine, CA 92618
*Telephone No:* 949 379-6250

*Attorney For:* Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated.

*Ref. No. or File No.:* 649

***For Court Use Only***

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**09/28/2021** at 09:52:00 AM
Clerk of the Superior Court
By Lee McAlister,Deputy Clerk

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO

*Plaintiff:* CLIFFORD LARSEN
*Defendant:* COWORX STAFFING SERVICES, LLC, et al.

| PROOF OF SERVICE SUMMONS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 37-2021-00039021-CU-OE-CTL |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR)

3. a. *Party served:* CHANEL, INC.
   b. *Person served:* kohn Montizo, Inta: e Specialist, CT Corporation System, Registered Agent

4. *Address where the party was served:* 330 N. Brand Blvd. Suite 700, GLENDALE, CA 91203

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authori"ed to receive service of process for the party (1) on *(date)*j Mon, Sep 20 2021 (2) at *(time)*j 12j40 PM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** j

6. The /Notice to the Person Served/ (on the summons) was completed as followsj
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*j
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*j CHANEL, INC.
   under the following Code of Civil Procedure sectionj
   [X] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (zoint stoc: companyJassociation)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] otherj
   [ ] 415.95 (business organi"ation, form un: nown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authori"ed person)
   [ ] 415.46 (occupant)

| *Attorney or Party without Attorney:*<br>Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>*Telephone No:* 949 379-6250<br>*Attorney For:* Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated. | *Ref. No. or File No.:*<br>649 | | | ***For Court Use Only*** |
|---|---|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO | | | | |
| *Plaintiff:* CLIFFORD LARSEN<br>*Defendant:* COWORX STAFFING SERVICES, LLC, et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37020210000039021-CU-OE-CTL |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Namej Douglas Forrest
   b. Addressj **FIRST LEGAL**
   600 W. Santa Ana Blvd., Ste. 101
   SANTA ANA, CA 92701
   c. Telephone numberj (714) 541-1110
   d. **The fee** for service wasj $103.25
   e. I amj
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process serverj
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration Noj 5141
   (iii) Countyj Los Angeles

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

09J27J2021
(Date)

*Douglas Forrest*

<table>
<tr><td colspan="3">Attorney or Party without Attorney:<br>Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>Telephone No: 949 379-6250<br>Attorney For: Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated.</td><td>Ref. No. or File No.:<br>649</td><td rowspan="3">For Court Use Only<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>09/28/2021 at 09:52:00 AM<br>Clerk of the Superior Court<br>By Lee McAlister,Deputy Clerk</td></tr>
<tr><td colspan="4">Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO</td></tr>
<tr><td colspan="4">Plaintiff: CLIFFORD LARSEN<br>Defendant: COWORX STAFFING SERVICES, LLC, et al.</td></tr>
<tr><td>PROOF OF SERVICE<br>SUMMONS</td><td>Hearing Date:</td><td>Time:</td><td>Dept/Div:</td><td>Case Number:<br>37020210000039021-CU-OE-CTL</td></tr>
</table>

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR)

3. *a. Party served:* BLOOMINGDALE'S, LLC
   *b. Person served:* Tiffany Philips, CORPORATE CREATIONS NETWORK, INC., Registered Agent

4. *Address where the party was served:* 4640 Admiralty Way 5th Floor, MARINA DEL REY, CA 90292

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Sep 23 2021 (2) at *(time)*: 09:13 AM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: BLOOMINGDALE'S, LLC
   under the following Code of Civil Procedure section:
   [ ] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [X] other: limited liability company
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)

| *Attorney or Party without Attorney:*<br>Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>*Telephone No:* 949 379-6250<br>*Attorney For:* Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated. | *Ref. No. or File No.:*<br>649 | | | ***For Court Use Only*** |
|---|---|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO | | | | |
| *Plaintiff:* CLIFFORD LARSEN<br>*Defendant:* COWORX STAFFING SERVICES, LLC, et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37020210000039021-CU-OE-CTL |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Esmeralda Pech
   b. Address: **FIRST LEGAL**
   600 W. Santa Ana Blvd., Ste. 101
   SANTA ANA, CA 92701
   c. Telephone number: (714) 541-1110
   d. **The fee** for service was: $113.50
   e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [X] a registered California process server:
   (i) [ ] owner [ ] employee [X] independent contractor
   (ii) Registration No: 2015248418
   (iii) County: Los Angeles

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

09/27/2021
*(Date)*

*Esmeralda Pech*

| *Attorney or Party without Attorney:*<br>Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>*Telephone No:* 949 379-6250<br>*Attorney For:* Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated. | *Ref. No. or File No.:*<br>649 | *For Court Use Only*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**09/28/2021** at 09:52:00 AM<br>Clerk of the Superior Court<br>By Lee McAlister,Deputy Clerk |
|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO | | |
| *Plaintiff:* CLIFFORD LARSEN<br>*Defendant:* COWORX STAFFING SERVICES, LLC, et al. | | |

| PROOF OF SERVICE SUMMONS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37020210000039021-CU-OE-CTL |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR)

3. a. *Party served:* BLOOMINGDALE'S THE OUTLET STORE, LLC
   b. *Person served:* Tiffany Philips, CORPORATE CREATIONS NETWORK, INC., Registered Agent

4. *Address where the party was served:* 4640 Admiralty Way 5th Floor, MARINA DEL REY, CA 90292

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Sep 23 2021 (2) at *(time)*: 09:13 AM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: BLOOMINGDALE'S THE OUTLET STORE, LLC
   under the following Code of Civil Procedure section:
   [ ] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [X] other: Limited liability company
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)

| *Attorney or Party without Attorney:*<br>Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>*Telephone No:* 949 379-6250<br>*Attorney For:* Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated. | *Ref. No. or File No.:*<br>649 | | | *For Court Use Only* |
|---|---|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO | | | | |
| *Plaintiff:* CLIFFORD LARSEN<br>*Defendant:* COWORX STAFFING SERVICES, LLC, et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37020210000039021-CU-OE-CTL |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Esmeralda Pech
   b. Address: **FIRST LEGAL**
      600 W. Santa Ana Blvd., Ste. 101
      SANTA ANA, CA 92701
   c. Telephone number: (714) 541-1110
   d. **The fee** for service was: $46.10
   e. I am:
      (1) [ ] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [X] a registered California process server:
         (i) [ ] owner [ ] employee [X] independent contractor
         (ii) Registration No: 2015248418
         (iii) County: Los Angeles

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

09/27/2021
*(Date)*

*Esmeralda Pech*

| *Attorney or Party without Attorney:* Samuel A. Wong, Esq. (SBN 217104) Aegis Law Firm 9811 Irvine Center Drive, Suite 100 Irvine, CA 92618 *Telephone No:* 949 379-6250 | | | | *For Court Use Only* |
|---|---|---|---|---|
| *Attorney For:* Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated. | *Ref. No. or File No.:* 649 | | | ELECTRONICALLY FILED Superior Court of California, County of San Diego 09/28/2021 at 09:52:00 AM Clerk of the Superior Court By Lee McAlister, Deputy Clerk |
| *Insert name of Court, and Judicial District and Branch Court:* SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO | | | | |
| *Plaintiff:* CLIFFORD LARSEN *Defendant:* COWORX STAFFING SERVICES, LLC, et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 37020210000039021-CU-OE-CTL |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR)

3. a. *Party served:* BLOOMINGDALES.COM, LLC
   b. *Person served:* Tiffany Philips, CORPORATE CREATIONS NETWORK, INC., Registered Agent

4. *Address where the party was served:* 4640 Admiralty Way 5th Floor, MARINA DEL REY, CA 90292

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Sep 23 2021 (2) at *(time)*: 09:13 AM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: BLOOMINGDALES.COM, LLC
   under the following Code of Civil Procedure section:
   [ ] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [X] other: Limited liability company
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)

| *Attorney or Party without Attorney:*<br>Samuel A. Wong, Esq. (SBN 217104)<br>Aegis Law Firm<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>*Telephone No:* 949 379-6250<br>*Attorney For:* Plaintiff Clifford Larsen, individually, and on behalf of all others similarly situated. | *Ref. No. or File No.:*<br>649 | | | ***For Court Use Only*** |
|---|---|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO | | | | |
| *Plaintiff:* CLIFFORD LARSEN<br>*Defendant:* COWORX STAFFING SERVICES, LLC, et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37020210000039021-CU-OE-CTL |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   - a. Name: Esmeralda Pech
   - b. Address: **FIRST LEGAL**<br>600 W. Santa Ana Blvd., Ste. 101<br>SANTA ANA, CA 92701
   - c. Telephone number: (714) 541-1110
   - d. **The fee** for service was: $46.10
   - e. I am:
     - (1) [ ] not a registered California process server.
     - (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
     - (3) [X] a registered California process server:
       - (i) [ ] owner [ ] employee [X] independent contractor
       - (ii) Registration No: 2015248418
       - (iii) County: Los Angeles

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

09/27/2021

*(Date)*

*Esmeralda Pech*

# EXHIBIT "E"

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jessica L. Campbell, Esq. SBN 280626
AEGIS LAW FIRM, P.C.
9811 Irvine Center Drive, Suite 100
Irvine, CA 92618
TELEPHONE NO.: 949.379.6250 FAX NO.: 949.379.6251
ATTORNEY FOR *(Name):* Plaintiff Clifford Larsen

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**09/14/2021** at 12:52:23 PM
Clerk of the Superior Court
By Megan Dietenhofer,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Clifford Larsen v. Coworx Staffing Services, LLC, et al.

## CIVIL CASE COVER SHEET

☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2021-00039021-CU-OE-CTL
JUDGE: Judge Carolyn Caietti
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* Eight
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 14, 2021
Jessica L. Campbell
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**

Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**

Asbestos (04)
- Asbestos Property Damage
- Asbestos Personal Injury/ Wrongful Death

Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
- Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice

Other PI/PD/WD (23)
- Premises Liability (e.g., slip and fall)
- Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
- Intentional Infliction of Emotional Distress
- Negligent Infliction of Emotional Distress
- Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**

Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
- Legal Malpractice
- Other Professional Malpractice *(not medical or legal)*

Other Non-PI/PD/WD Tort (35)

**Employment**

Wrongful Termination (36)
Other Employment (15)

**Contract**

Breach of Contract/Warranty (06)
- Breach of Rental/Lease
  - Contract *(not unlawful detainer or wrongful eviction)*
- Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
- Negligent Breach of Contract/ Warranty
- Other Breach of Contract/Warranty

Collections (e.g., money owed, open book accounts) (09)
- Collection Case–Seller Plaintiff
- Other Promissory Note/Collections Case

Insurance Coverage *(not provisionally complex)* (18)
- Auto Subrogation
- Other Coverage

Other Contract (37)
- Contractual Fraud
- Other Contract Dispute

**Real Property**

Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
- Writ of Possession of Real Property
- Mortgage Foreclosure
- Quiet Title
- Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**

Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**

Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
- Writ–Administrative Mandamus
- Writ–Mandamus on Limited Court Case Matter
- Writ–Other Limited Court Case Review

Other Judicial Review (39)
- Review of Health Officer Order
- Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**

Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**

Enforcement of Judgment (20)
- Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**

RICO (27)
Other Complaint *(not specified above)* (42)
- Declaratory Relief Only
- Injunctive Relief Only *(non-harassment)*
- Mechanics Lien
- Other Commercial Complaint Case *(non-tort/non-complex)*
- Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**

Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
- Civil Harassment
- Workplace Violence
- Elder/Dependent Adult Abuse
- Election Contest
- Petition for Name Change
- Petition for Relief From Late Claim
- Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**09/14/2021** at 12:52:23 PM
Clerk of the Superior Court
By Megan Dietenhofer,Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

COWORX STAFFING SERVICES, LLC; COWORX PERSONNEL, LLC; [SEE ATTACHMENT]

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

CLIFFORD LARSEN, individually and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* 37-2021-00039021-CU-OE-CTL

Superior Court of the State of California, County of San Diego
330 W Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jessica L. Campbell, AEGIS LAW FIRM, PC, 9811 Irvine Center Dr.,#100, Irvine, CA 92618, 949.379.6250

DATE: 09/14/2021 *(Fecha)* Clerk, by *(Secretario)* M. Dietenhofer , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: Clifford Larsen v. Coworx Staffing Services, LLC, et al. | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

BULGARI CORPORATION OF AMERICA; CHANEL, INC.; BLOOMINGDALE'S, LLC; BLOOMINGDALES.COM, LLC; BLOOMINGDALE'S THE OUTLET STORE, LLC; and DOES 1 through 20, inclusive,

Page 2 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, CA 92101-3827
DIVISION: Central
TELEPHONE NUMBER: (619) 450-7070

PLAINTIFF(S) / PETITIONER(S): Clifford Larsen

DEFENDANT(S) / RESPONDENT(S): COWORX STAFFING SERVICES LLC et.al.

LARSEN VS COWORX STAFFING SERVICES LLC [IMAGED]

**NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**

CASE NUMBER: 37-2021-00039021-CU-OE-CTL

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Carolyn Caietti  Department: C-70

**COMPLAINT/PETITION FILED:** 09/14/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/11/2022 | 09:15 am | C-70 | Carolyn Caietti |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.